**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Lorenzo Thomas, Jr., | No. CV-21-00302-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| T. Tylutki, et al., | |
| Defendants. | |

Before the Court is Plaintiff's "Motion to Amend or Alter Judgment" (Doc. 44). Plaintiff's motion is denied for the following reasons.

**I.   Background**

In July 2021, pro se Plaintiff filed a complaint alleging, among other things, a threat-to-safety or failure-to-protect claim against Defendant. (*See* Doc. 2; Doc. 12.) In October 2022, the Court granted summary judgment for Defendant because Plaintiff failed to exhaust administrative remedies. (Doc. 41 at 9.) Specifically, Plaintiff failed to comply with an administrative order governing the prisoner grievance process. (*Id.* at 6.) Plaintiff was required to file a grievance by September 4, 2020, but did not file until September 14, 2020. (*Id.*) Plaintiff now asks the Court to amend or alter its summary judgment for Defendant, and Defendant has responded. (Doc. 44 at 1; Doc. 45.)

**II.   Legal Standard**

Federal Rule of Civil Procedure 59(e) permits a litigant to file a reconsideration "motion to alter or amend a judgment" within 28 days after entry of the judgment. The

Court has four basic grounds on which to grant a reconsideration motion under Rule 59(e): (1) "to correct manifest errors of law or fact"; (2) to consider "newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) to address "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). The decision whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**III.   Analysis**

Plaintiff argues Defendant "is at fault for not allowing Plaintiff to exhaust administrative remedies." (Doc. 44 at 1.) Plaintiff alleges that close examination of Defendant's motion for summary judgment reveals that Defendants received Plaintiff's grievance and failed to process it. (Doc. 44 at 1–2.) Plaintiff has already had an opportunity to respond to the motion for summary judgment ("MSJ"), so disputing it now is untimely. (*See* Doc. 23.) Plaintiff also misstates the MSJ and misunderstands the Court's reason for granting it. First, the MSJ does not say that there is no record of Plaintiff's informal complaint being "processed or responded to." (Doc. 44 at 1–2.) The MSJ only says there is no record of Plaintiff's informal complaint being responded to. (*See* Doc. 20 at 5 ("[Plaintiff] submitted an Informal Complaint dated August 6, 2020, however there is no record of a response by prison personnel.").) Plaintiff may be confusing the MSJ with a declaration attached to Defendant's statement of facts. (*See* Doc. 21-1 at 26.)

Second, the Court granted Defendant's MSJ because Plaintiff's September 14, 2020 grievance was untimely, not because it was never received. (Doc 41 at 9.) To exhaust administrative remedies, a prisoner who receives no reply to their informal complaint must timely file a formal grievance. (Doc. 21-1 at 12.) In Plaintiff's case, that meant filing a

grievance by September 4, 2020. Plaintiff instead chose to file on September 14, 2020. Plaintiff never directly responded to this point in his response to the MSJ. (*See* Doc. 23 generally.) In fact, Plaintiff now appears to concede his grievance was untimely, but still offers no explanation. (*See* Doc. 44 at 3 ("I cannot a[rg]ue that my grievance was untimely, but when does ADCRR admit to the damage done on their behalf.").) Plaintiff also vaguely asserts that a "good reason for a[n] untimely grievance may have been due to me being in detention lock up and not having access to grievance form or ADCRR policies and having to rely on staff members to bring everything that you request[,] [w]hich in some matters took days or weeks to receive." (Doc 44 at 2.) Plaintiff is correct that being unable to access the grievance process may be a good reason for an untimely grievance. But even if Plaintiff provided credible evidence that he was prevented from complying with the September 4, 2020 deadline, Plaintiff did not raise this argument despite its availability to him when he responded to the MSJ. (*See* Doc. 23 generally.) He may not now relitigate the issue.

In short, Plaintiff identifies no errors of fact or law, no newly discovered or previously unavailable evidence, no injustice, and no intervening changes of law to support his motion. The Court therefore will not provide the extraordinary remedy Plaintiff seeks.

**IV.  Order**

For the reasons above,

**IT IS ORDERED DENYING** Plaintiff's "Motion to Amend or Alter Judgment" (Doc. 44).

Dated this 6th day of December, 2022.

_____
Honorable John C. Hinderaker
United States District Judge